**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Lonny Steadman Wright and Courtney Bates Wright,
Appellants,

v.

Brandy Dale Duncan, Respondent.

Appellate Case No. 2025-000376

Appeal From Marion County
James G. McGee, III, Family Court Judge

Unpublished Opinion No. 2026-UP-109
Heard February 5, 2026 – Filed February 27, 2026
Withdrawn, Substituted, and Refiled March 20, 2026

**REVERSED IN PART AND AFFIRMED IN PART**

Russell W. Hall, III, of The Law Office of Russell W. Hall III, of Myrtle Beach; Robert Brian Critzer, and Kaye Gorenflo Hearn, both of Wyche, PA, of Greenville, all for Appellants.

Nancy Carol Fennell, of Irmo, for Respondent.

Jennifer Darrow Hills, of Hills Family Law, of Myrtle Beach, as the Guardian ad Litem.

**PER CURIAM:** Lonny S. Wright (Father) and Courtney Wright (Stepmother) appeal the family court's order denying their petition to terminate Brandy D. Duncan's (Mother) parental rights and requiring them to pay the remaining guardian ad litem fees. We reverse in part and affirm in part pursuant to Rule 220(b), SCACR, and the following authorities:

1. We hold the family court erred in finding that termination of Mother's parental rights is not in the best interests of the minor children.[1] S.C. Code Ann. § 63-7-2570 (2010 & Supp. 2025) ("The family court may order the termination of parental rights upon a finding of one or more of the following grounds and a finding that termination is the in the best interest of the child[.]"); S.C. Code Ann. § 63-7-2620 (2010) ("The interests of the child shall prevail if the child's interest and the parental rights conflict."); *S.C. Dept. of Social Servs. v. Parker*, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999) ("This [c]ourt may review the record and make its own findings as to whether clear and convincing evidence supports termination."); *S.C. Dept. of Social Servs. v. Smith*, 423 S.C. 60, 86, 814 S.E.2d 148, 162 (2018) ("This [c]ourt cannot and will not prolong the uncertainty of [a c]hild's stability and permanency any longer."); *see Swain v. Bollinger*, 435 S.C. 280, 287, 866 S.E.2d 923, 926 (2022) ("We fundamentally disagree with the premise that a child's permanency should be held in abeyance for years until a parent is prepared to resume his or her parental responsibilities."). As to best interests, the older child's (B.W.) therapist recounted traumatic events B.W. suffered as a result of Mother's behavior, such as being pulled out of cars by strange men, having cigarettes put out on her arms, and being taught how to shoot heroin. He diagnosed B.W. with post-traumatic stress disorder and opined that reunification with Mother would not be in her best interest, explaining that B.W. was specifically anxious and afraid of Mother. The guardian ad litem reported that B.W told her she was "not treated well" when with Mother at strangers' houses and showed her "scars on her arms she attributed to Mother's friends hurting her in the past." The guardian also echoed the therapist's concerns that reunification would cause more harm than good. The guardian reported that B.W. wants to live with Father and does not want to see Mother. Although Mother was sober for more than two years prior to trial, she continued to exhibit concerning behavior. She has been arrested on multiple occasions, sent inappropriate communications to the children and Father, and made several unexpected appearances which frightened

---

[1] Mother does not dispute that Father and Stepmother established at least one statutory ground supporting the termination of her parental rights.

the children. [2] Based on the same, we reverse the family court, terminate Mother's parental rights, and grant the adoption by Stepmother.

2. We hold the family court did not err in its allocation of the guardian ad litem fees. S.C. Code Ann. § 63-3-850(B) (2010) ("A guardian appointed by the court is entitled to reasonable compensation, subject to the review and approval of the court."); *Nash v. Byrd*, 298 S.C. 530, 537, 381 S.E.2d 913, 917 (Ct. App. 1989) ("An award of guardian ad litem fees lies within the sound discretion of the [family court] and will not be disturbed upon appeal absent an abuse of discretion."). Father and Stepmother do not contest the reasonableness of the fees. No financial declarations were included in the record. Although Mother testified at trial that she earns $17/hour, there was no testimony or other evidence regarding Father and Stepmother's income at the time of trial. We decline to find the family court abused its discretion without the relevant financial information to consider, and therefore, affirm the family court on the issue of fees.

**REVERSED IN PART AND AFFIRMED IN PART.**

**WILLIAMS, C.J., and MCDONALD and TURNER, JJ., concur.**

---

[2] Although the family court denied the request to terminate Mother's parental rights, the court did not grant Mother visitation with the minor children.